# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class BRET M. MORAN**
**United States Army, Appellant**

ARMY 20150799

Headquarters, 1st Cavalry Division
Douglas K. Watkins, Military Judge (arraignment)
Sean M. Condron, Military Judge (trial)
Lieutenant Colonel Michael D. Jones, Acting Staff Judge Advocate (pretrial)
Colonel Oren H. McKnelly, Staff Judge Advocate (recommendation)
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Julie L. Borchers, JA; Captain Michael A. Gold, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Natanyah Ganz, JA (on brief).

27 February 2018

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of five specifications of sexual abuse of a child and one specification of wrongful possession of child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 934 (2006 & Supp. V 2012; 2012; 2012 & Supp. I 2014), and thereafter sentenced appellant to a dishonorable discharge, confinement for nineteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority, pursuant to a pretrial agreement, approved the sentence except for that portion of confinement in excess of thirty-six months.

Appellant comes before us pursuant to Article 66, UCMJ, and seeks relief for dilatory post-trial processing. His request warrants discussion but not relief. The errors personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), warrant neither discussion nor relief.

**DISCUSSION**

Unfortunately appellant's request is not unusual. Appellant asks we provide sentencing relief because it took an unexplained 244 days for the convening authority to take action on appellant's case, and an additional 98 days from action to receipt by this court. Appellant alleges no prejudice but nonetheless requests we grant relief. Specifically, appellant states we should "grant appropriate relief to make clear to the government and the public unreasonable delays in the military justice system will not be tolerated."

As we have stated previously: "We look at our role more narrowly than does appellant. In cases of post-trial delay not amounting to a due process violation, we must still determine whether under Article 66(c), UCMJ[,] the sentence 'should be approved.'" *United States v. Blevins*, ARMY 20160165, 2017 CCA LEXIS 296, *3 (Army Ct. Crim. App. 26 Apr. 2017) (summ. disp). Here, we find no due process violation occurred as a result of the post-trial delay, recognizing that a sentence may be correct in law and fact but still be inappropriate.

"If the sentence is just outright too severe, our duty is to lower the sentence such that it 'should be approved.'" *Id.* at *4. In this case, where there is unreasonable post-trial delay, we examine whether the unreasonable delay turned what may have been an appropriate sentence for appellant's crimes into an inappropriate sentence. *Id.* Specifically, we ask if the sentence as approved in this case that includes thirty-six months of confinement is too severe a punishment given appellant's offenses, the sentencing evidence, and the unreasonable delay by the convening authority.

The approved sentence remains lenient for appellant's offenses, involving three separate child victims, even when we consider the unreasonable post-trial delay. The unexcused delay of ninety-eight days to place in the mail and forward the record to this court shows a lack of rigor in the post-trial process of this jurisdiction that warrants attention. However, the post-trial delay in appellant's court-martial did not make appellant's sentence inappropriate.

**CONCLUSION**

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2